UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KENNETH BIROS,** | ) Case No. 4:07 CV 752 |
| | ) |
| **Plaintiff,** | ) Judge Dan Aaron Polster |
| | ) |
| vs. | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| **MARC HOUK,** | ) |
| | ) |
| **Defendant.** | ) |

On March 15, 2007, Kenneth Biros filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (ECF No. 1). Biros challenges his death sentence based upon a constitutionally defective indictment that, he claims, violates the Sixth, Eighth and Fourteenth Amendments. This is the second time Biros has challenged the constitutionality of his death sentence in a § 2254 petition based on the very same grounds. For the following reason, the Petition is **DISMISSED** under 28 U.S.C. § 2244(b)(1).

I.

Count 1 of Biros' indictment charged him with the aggravated murder of Tami Engstrom with two capital specifications and reads as follows:

**COUNT 1:**
**AGGRAVATED MURDER WITH SPECIFICATIONS OF**
**AGGRAVATING CIRCUMSTANCES**
THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about the 8th day of

February 1991, at Trumbull County, Ohio, Kenneth Biros did purposely cause the death of Tami L. Engstrom, age 22, while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit Rape and Aggravated Robbery, in violation of Section 2903.01(B) of the Ohio Revised Code.

**SPECIFICATION 1**

THE GRAND JURORS further find and specify under Ohio Revised Code Section 2929.04(A)(7), that said KENNETH BIROS committed the offense at bar while he was committing or fleeing immediately after committing Aggravated Robbery.

**SPECIFICATION 2**

THE GRAND JURORS further find and specify under Ohio Revised Code Section 2929.04(A)(7) that said KENNETH BIROS committed the offense at bar while he was attempting to commit or fleeing immediately after attempting to commit Rape.

O.R.C. § 2929.04(A)(7) provides in pertinent part that the

> [i]mposition of the death penalty for aggravated murder is precluded unless one or more of the following is specified in the indictment or count in the indictment pursuant to section 2941.14 of the Revised Code and proved beyond a reasonable doubt:
>
> \* \* \*
>
> (7) The offense was committed while the offender was committing, attempting to commit, or fleeing immediately after committing or attempting to commit kidnapping, rape, aggravated arson, aggravated robbery, or aggravated burglary, <u>and either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design</u>.

Id. (emphasis added). The Ohio Supreme Court has consistently interpreted the element of being "the principal offender in the commission of the aggravated murder" to mean that the defendant "actually killed" the victim. *See, e.g., State v. Taylor*, 66 Ohio St.3d 295 (1993). It is the omission of the underlined language in Biros' indictment that has formed the basis for both of his federal habeas defective indictment claims.

In the first petition, Biros – who admitted killing and dismembering Tami Engstrom, but claimed he didn't mean to kill her – contended, citing *Apprendi v. New Jersey*,

2

530 U.S. 466 (2000), that a capital indictment must contain specifications that include all of the elements of O.R.C. § 2929.04(A)(7) to make a defendant death eligible, and the jury must find a defendant guilty beyond a reasonable doubt on all elements; otherwise, the death penalty violates the Fifth, Sixth, Eighth and Fourteenth Amendments and must be vacated. He argued that the omission of the underlined § 2929.04(A)(7) language from his indictment was a structural error requiring that his death sentence be set aside. In addressing this claim on direct review, the Ohio Supreme Court had found that Biros failed to raise this issue in the trial court; therefore, it reviewed the issue for plain error and dismissed it. The Court granted the writ as to this claim only, despite the fact that it was procedurally defaulted, based on then-recent Sixth Circuit precedent in *Esparza v. Mitchell*, 310 F.3d 414 (6th Cir. 2002), and denied the petition on all other grounds.

In *Esparza*, the Sixth Circuit held that a death sentence could not be imposed following a conviction for aggravated murder, where the state failed to charge the aggravating circumstance in the indictment (i.e., failed to include the underlined § 2929.04(A)(7) language), the court failed to instruct the jury on the aggravating circumstance and the jury had not found the aggravating circumstance beyond a reasonable doubt. More importantly, because the constitutional defect was structural, harmless error review did not apply. Finding the Ohio Supreme Court's plain-error review to be an unreasonable application of clearly established federal constitutional law, the Sixth Circuit affirmed the vacation of Esparza's death sentence. When I granted Biros' writ on this claim based on *Esparza*, I noted that, if harmless error review were applicable, I would rule differently since there was absolutely no question that Biros, who

3

admitted killing Tami Engstrom while driving her home from a bar after a pub crawl, acted alone. The State appealed this ruling.

While Biros' appeal was pending, the United States Supreme Court reversed *Esparza*, holding that harmless error did apply to similarly defective indictments. Because there was no evidence that anyone other than Biros was involved in Tami Engstrom's death, the Sixth Circuit reversed my ruling granting the writ on this single issue. *Biros v. Bagley*, 422 F.3d 379 (6th Cir. Sep. 9. 2005); *rehearing and rehearing en banc denied* (Jan. 23, 2006). The Supreme Court denied Biros' subsequent petition for writ of certiorari. *Biros v. Bagley*, 127 S.Ct. 125 (Oct. 2, 2006); *petition for rehearing denied* 127 S.Ct. 714 (Nov. 26, 2006).

Biros now brings the very same defective indictment claim based on a recent Sixth Circuit case that is presently proceeding through the federal system. *See Joseph v. Coyle*, 469 F.3d 441 (6th Cir. Nov. 9, 2006).[1] In *Joseph*, the victim, Ryan Young, was kidnapped and killed by co-defendants Richard Joseph and Jose Bulerin, who were jointly charged in an indictment that <u>mis</u>stated the underlined § 2929.04(A)(7) language. Joseph's indictment included the following specification:

> The Grand Jurors further find and specify that the offense (aggravated murder) was committed while the offenders were committing, attempting to commit, or fleeing immediately after committing or attempting to commit kidnapping, and the offenders were the principal offenders in the commission of the <u>kidnapping</u>. . .

*Id.* at 451. According to Biros, the Ohio Supreme Court denied Biros' defective indictment claim during his direct appeal, relying on its earlier decision denying Joseph's defective

---

[1] *See Joseph v. Coyle*, No. 1:98 CV 527, ECF Nos. 94, 95, Memorandum of Opinion and Order (N.D. Ohio Dec. 22, 2004) (Wells, J.) (granting a writ relating to a fundamental error in the capital specification); *affirmed*, 469 F.3d 441 (6th Cir. Nov. 9, 2006), *pet. for cert. pending* (No. 06-961 filed Jan. 7, 2007).

4

indictment claim in Joseph's direct appeal. *Petition* at 2 (citing *State v. Biros*, 78 Ohio St.3d 426, 436 (1997), in turn citing *State v. Joseph*, 73 Ohio St.3d 450 (1995)). Because the Sixth Circuit has now vacated Joseph's death sentence based on Joseph's defective indictment, it is "fundamentally unfair" to execute him based on his defective indictment. *Petition* at 2. Indeed, Biros recently brought this to the Ohio Supreme Court's attention in the form of a postconviction petition filed on December 14, 2006. The Ohio Supreme Court denied this petition on the merits without an opinion on January 19, 2007. *Biros v. Houk*, 112 Ohio St.3d 1435 (2007). Biros has appealed this decision to the United States Supreme Court, where it is presently pending. *Biros v. Houk*, Case No. 06-9920.

## II.

Under 28 U.S.C. § 2244, a claim presented in a second or successive § 2254 petition that was presented in a prior petition "shall be dismissed." 28 U.S.C. § 2244(b)(1). A claim presented in a second or successive § 2254 petition that was <u>not</u> presented in a prior § 2254 petition <u>must also be dismissed</u> unless the petitioner shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or upon a showing that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Respectively, 28 U.S.C. §§ 2244(b)(3)(B), 2244(b)(2). However, before a second or successive petition that is permitted under § 2244 (i.e., one with a claim not previously presented) can be filed in the district court, the petitioner

5

must first seek an order from the Sixth Circuit authorizing the district court to consider such application. 28 U.S.C. § 2244(b)(3)(A). Because I find that Biros' defective indictment claim was presented in a prior § 2254 petition and addressed on the merits, it is hereby **DISMISSED** under § 2244(b)(1) on the ground of *res judicata*.

Biros argues that, although this § 2254 petition is "technically second in time" to his previous petition, he is presenting a "new" defective indictment claim based on the Sixth Circuit's decision in *Joseph v. Coyle*, citing in support of this proposition *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998)." *Petition* at 4. This argument lacks merit for two reasons.

*Stewart* is distinguishable. The claim raised for the second time in *Stewart* was whether the defendant was competent to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986). The *Stewart* Court held that the defendant need not seek an order from the Ninth Circuit authorizing the district court to review this claim because the district court had previously dismissed the claim as premature and had never ruled on the claim on the merits. That is not the case here, where I granted the writ on Biros' defective indictment claim on the merits, the Sixth Circuit reversed my ruling and the Supreme Court denied certiorari.

*Joseph* is equally unavailing. There, the Sixth Circuit applied the harmless-error review mandated by the Supreme Court in *Esparza* to Joseph's defective indictment claim, concluded that the error in the indictment was in fact harmful, <u>and expressly distinguished itself from the instant case</u>.

> The [*Esparza*] Court reasoned that the jury would surely have returned a guilty verdict on a principal-offender specification because Esparza was the only defendant charged in the indictment and there was no evidence presented that anyone other than Esparza was involved in the crime or present at the scene of the murder. *Esparza II*, 540 U.S. at 18, . . .. Thus, the state court's conclusion that

6

>the errors were harmless was not objectively unreasonable under AEDPA. *Id.* at 19, . . .; *accord* ***Biros v. Bagley***, 422 F.3d 379, 388 (6th Cir. 2005) (stating in dictum that an Eighth Amendment violation was harmless because it was undisputed that the petitioner acted alone), *cert. denied*, – U.S. –, . . .. Both factors in the Court's analysis cut the other way here: another person (Bulerin) was charged in the indictment, and there was significant evidence that another person (Bulerin) was involved in the crime and present at the scene of the murder. Thus, Esparza II itself strongly supports the conclusion that the Eighth Amendment error was *not* harmless in the instant case.

*Joseph*, 469 F.3d at 458 (inner quotations omitted, parallel citations omitted, emphasis added).

The Sixth Circuit has already applied harmless-error review to this instant claim and concluded that the defect in Biros' indictment was harmless. Accordingly, *Joseph* does not provide any basis for bringing a "new" claim.

### III.

Based on the foregoing, the Petition is hereby **DISMISSED**.

**IT IS SO ORDERED.**

_____
**Dan Aaron Polster**
**United States District Judge**